# CASES

# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF HANCOCK, JUNE TERM, 1829.

The CHIEF JUSTICE was not present at this term.

## THAYER vs. HAVENER.

Where the payee of a promissory note lodged it, with other demands, in the office of an attorney for collection, and afterwards drew an order on the attorney, directing him to pay to a third person the amount which might be collected on the demands left with him ; which the attorney accepted to pay such sums as he should receive after obtaining what might be due to himself;—this was held to be no assignment of the note in question ; and therefore a subsequent payment to the promisee was held good.

THIS was *assumpsit* by the indorsee against the maker of a promissory note, made *Sept.* 22, 1825, for sixty dollars, payable to one *James Cochran* or order, in six months from the date.

At the trial, before *Weston J.* it appeared that soon after the note was given it was left, with others, by *Cochran,* in the office of *Wilson & Stevens* attornies, for collection ; that on the 5th day of *November* 1825, *Cochran* drew an order on *Wilson & Stevens,* directing them to pay to *Thayer* the plaintiff " the amount that is or shall be collected on the demands I left with you for collection ;" which order *Thayer* transmitted to the drawees for acceptance, requesting them to furnish him with a memorandum of what demands of *Cochran's*

Thayer v. Havener.

they had in their hands, with the probabilities of collecting them. The drawees accepted the order in these words,—" we will pay such sums as we receive, after getting our due, to the person presenting this order."

Afterwards, on the 15th day of *November* 1825, the defendant and *Cochran* rescinded and annulled the bargain between them, upon which the note had been given ; and the consideration on both sides was waived and abandoned. The note, however, was not taken up by the defendant ; and in *May* 1826, *Cochran* indorsed it to the plaintiff.

Upon this evidence a nonsuit was entered, subject to the opinion of the court whether the defence was admissible and sustained.

The question was submitted without argument by *Wilson & Stevens* for the plaintiff, and *Ashmun* for the defendant ; and the opinion of the Court was delivered at the ensuing *July* term in *Waldo*, by

PARRIS J. The note in question was, by the terms of it, made payable *March* 22, 1826, but it was not indorsed to the plaintiff until *May* 1826, and of course is liable, in this action, to the same equities and the same defence as though *Cochran* himself was the plaintiff, unless the alleged assignment of the note to the plaintiff in *November* 1825 has changed the principle. If it has not changed it, the nonsuit must be confirmed, because it appears that ten days after the alleged assignment, the bargain, out of which the note originated, had been mutually rescinded by *Cochran* and *Havener*, and the consideration abandoned. As to the assignment the facts are few and simple. They only shew that a short time before the contract was annulled, the note, with others, had been lodged by *Cochran* with Messrs. *Wilson & Stevens* for collection ;—and that *Cochran* on the 15th of *November* drew an order on them for the amount of monies they might collect on those demands. They accepted the order conditionally—that is, to pay such sums as they might receive, after getting their due, to the person presenting the order. It does not appear that they ever received any thing on the notes ;— it does not appear that *Thayer* was a creditor of *Cochran*, or that

the note, if assigned, was assigned to the plaintiff upon a valuable consideration ;—and if there had been such an assignment and such a consideration, it does not appear that the plaintiff gave the defendant any notice of it prior to the rescinding of the contract. Nothing can be plainer than that a payment of a debt to the assignor, after the assignment but before notice of it given to the debtor, is a good payment and discharges him. The defence, in this case, is as effectual as payment. There is no possible ground on which this action can be maintained. *Nonsuit confirmed.*